IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00428-TPO

RICARDO RAMON MARTINEZ GARRIDO,[1]

    Petitioner,

v.

JUAN BALTASAR, Warden,
GEO Group ICE Processing Center;

ROBERT HAGAN, Field Officer Director,
Denver Field Office, Immigration and Customs Enforcement,

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

KRISTI NOEM, Secretary,
Department of Homeland Security, and

PAMELA BONDI, U.S. Attorney General,

in their official capacities,

    Respondents.

## ORDER TO SHOW CAUSE

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus in which Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241. ECF 1 ¶ 12. The Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331 (federal question subject matter jurisdiction), 28 U.S.C. § 1651 (the All Writs Act), and 28 U.S.C. § 2201 (the Declaratory

---

[1] Petitioner captions his Petition under the correct spelling of his last name of Garrido. Petitioner adds that DHS records incorrectly spell his name as Carrido.

Judgment Act). *Id.* ¶¶ 12-15. Petitioner is "in custody" for purposes of § 2241 because he is detained at the ICE Processing Center in Aurora, Colorado. *Id*. ¶¶ 2, 11. The Clerk of Court directly assigned this case to this Court pursuant to D.C.COLO.LCivR 40.1. ECF 2.

Petitioner states that the Notice to Appear that DHS issued to him alleges that he is not a citizen of the United States; is a citizen of Mexico; and entered the United States near Naco, Arizona on June 15, 2001. ECF 1 ¶ 32 (citing ECF 1-5).[2] Petitioner furthers that the Notice to Appear charges him as being "not admitted or paroled after inspection by an immigration officer." *Id.*

The Department of Homeland Security ("DHS") arrested him on December 31, 2025. ECF 1 ¶ 29. Although Petitioner has been in custody for more than 30 days, DHS has refused to make an actual bond determination.[3] *Id.* ¶ 2-4. Thereafter, the immigration court stated that the lack of a DHS custody determination deprived it of the jurisdiction to consider whether Petitioner should be released on bond. *Id*. ¶¶ 4, 51.

Petitioner argues that his immigration detention is unlawful in several respects. First, he argues that his detention violates 8 U.S.C. § 1226(a). ECF 1 ¶¶ 59-62. Second, he argues that he was arrested without a warrant and without a bond determination in violation of the INA and 8 C.F.R. § 287.3(d). *Id.* ¶¶ 63-65, 70-74. Third, the arrest warrant issued after Petitioner's arrest was "fatally flawed." *Id.* ¶¶ 66-69. Fourth, he argues that he has suffered a due process violation. *Id*. ¶¶ 75-79. Petitioner seeks his immediate release, *id.* ¶ 80, or, in the alternative, he asks this Court to compel Respondents to conduct the omitted bond hearing in an expedited manner, *id.* ¶ 81.

---

[2] The Petition incorrectly labels the Notice to Appear as Exhibit 4. ECF 1 ¶ 32. In fact, the document can be found at ECF 1-5.

[3] According to Petitioner, the first step in this process is for DHS to issue a Form I-286 Notice of Custody Determination, something that DHS has refused to do. ECF 1 ¶ 3.

In his concluding Prayer for Relief, Petitioner also asks this Court to "[e]njoin [his] removal or transfer outside of this Court's jurisdiction during the pendency of this case." ECF 1 at 30. However, Petitioner does not file a motion under Fed. R. Civ. P. 65(b) for a temporary restraining order to enjoin Respondents from transferring him outside of the District of Colorado. Because Petitioner does not file such a motion, this Court does not consider that request to be for expedited injunctive relief. Should that be the relief he seeks, he shall file the appropriate Rule 65 motion.

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with his Petition, exhibits, and this Order to Show Cause by <u>February 12, 2026</u>**. Within 48 hours of serving Respondents, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter notices of appearance.

On or before **February 18, 2026**, the Respondents shall show cause why the Petition [ECF 1] should not be granted. By the same deadline of **February 18, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3].

On or before **February 25, 2026**, Petitioner may file a Reply in support of his Petition.

SO ORDERED.

DATED at Denver, Colorado, this 9th day of February, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge