IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00428-TPO

RICARDO RAMON MARTINEZ GARRIDO,[1]

    Petitioner,

v.

JUAN BALTASAR, Warden,
GEO Group ICE Processing Center;

ROBERT HAGAN, Denver Field Office Director, U.S. Immigration and Customs Enforcement,

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security, and

PAMELA BONDI, U.S. Attorney General,

in their official capacities,

    Respondents.

---

# ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties have consented to this Court's jurisdiction, ECF 7, and Chief U.S. District Judge Philip A. Brimmer referred the matter to this Court "for all purposes pursuant to 28 U.S.C. § 636(c)." ECF 8. This Court issued an Order to Show Cause [ECF 4] to which Respondents responded [ECF 9]. With the filing of Petitioner's Reply [ECF 10], the Petition is fully briefed and

---

[1]     Petitioner captions his Petition under the correct spelling of his last name of Garrido. Petitioner adds that DHS records incorrectly spell his name as Carrido.

ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing at this time. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **grants** the Petition as to Claim One.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on June 15, 2001. ECF 1 ¶ 32. Petitioner asserts that he has resided in Colorado for nearly 25 years. *Id*. ¶ 28. His wife has Deferred Action for Childhood Arrivals (DACA) status, and his three children are United States citizens. *Id*. Respondents describe his status as being "present in the United States without being admitted or paroled." ECF 9 at 2.

On December 31. 2025, while searching for another individual, Immigration and Customs Enforcement (ICE) officers identified and arrested Petitioner. ECF 1-4 at 6. DHS found no criminal history for Petitioner. *Id.* at 7. He alleges that Department of Homeland Security (DHS) officers failed to complete the Warrant by specifying the basis for probable cause. *Id.*; *see also* ECF 1-3 (all boxes blank in the I-200 Form).

On the day of his arrest, DHS issued Petitioner a "Notice to Appear" and commenced removal proceedings. ECF 1 ¶ 32; ECF 1-5. Petitioner contends that he is prima facie eligible for relief from removal pursuant to 8 U.S.C. § 1229b(b)(1). ECF 1 ¶ 28.

Following his arrest, Petitioner was transferred to the ICE Processing Center in Aurora, Colorado. ECF 1 ¶ 30. However, no bond determination was made at that time as DHS made a "de facto decision to detain him without bond." *Id.* ¶ 33.

Then, on January 27, 2026, Petitioner sought redetermination of his bond. ECF 1-2 at 1. The Immigration Judge denied Petitioner's request, finding that "[t]he Department has not

2

determined bond in the first instance and does not plan to do so." *Id.* As a result, "there is now no bond for this Court to redetermine." *Id.* The immigration judge cited the lack of a Form I-286 as an additional reason why she could not conduct a custody redetermination hearing. *Id.*

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has been in immigration custody in the District of Colorado since December 31, 2025. ECF 1 ¶¶ 2, 11. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

### I.   Detention Under 8 U.S.C. § 1225 or 8 U.S.C. § 1226

Count One of the Petition claims that Respondents failed to comply with the INA and are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). ECF 1 ¶¶ 60-61. Petitioner argues that his detention is proper under 8 U.S.C. § 1226(a), and thus he is entitled to a bond hearing. *Id.* ¶¶ 62.

As acknowledged by the government, ECF 9 at 1, this Court has already addressed this issue in a case with similar facts. *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus entitled to a detention hearing. *Id.* at 9. The government

3

still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. ECF 9 at 1. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "may lead the Court to reach the same result here, as the facts of the case are not materially distinguishable from that case . . ." *Id.* at 3. The government is correct, and this Court finds, as it did in *Colindres Carmona*, that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and is thus entitled to a detention hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections under the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portrillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept.

4

30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds District Judge Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation. He has demonstrated an established presence in the United States by living in this country for the last 25 years.

The principal thread of Respondents' argument is that all noncitizens that entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 9 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for

5

years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. As noted by U.S. District Judge Nina Y. Wang, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

This Court notes that a limited number of courts have supported Respondents' position. *See Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *see also Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025). However, as U.S. District Judge Charlotte N. Sweeney explains in *Singh v. Baltazar*, No. 26-cv-00336-CNS, at 7-13 (D. Colo. Feb. 9, 2026), *Buenrostro-Mendez* is neither controlling nor persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit and throughout the country that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

## II. Petitioner's Remaining Claims for Relief

Because this Court is granting the habeas petition and ordering a bond determination hearing pursuant to § 1226(a), this Court declines to address the remaining Counts. The Court intends to review the Parties' forthcoming Status Report, discussed below, regarding the outcome

of the bond determination hearing and may entertain reinstating these alternative grounds for relief if necessary.[2]

## CONCLUSION

This Court agrees with Petitioner that 8 U.S.C. § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *See Portillo Martinez*, 2026 WL 194163, at *2 (ordering respondents to provide a bond hearing within seven days of the court's order granting the habeas petition); *Loa Caballero*, 2025 WL 2977650, at * 1 (same); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (same). The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary, and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Portillo Martinez*, 2026 WL 194163, at *5 (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Hernandez v. Baltazar*, No. 26-cv-00276-WJM-TPO, 2026 WL 304362, at *4 (D. Colo. Feb. 5, 2026).

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by March 13, 2026**; and

---

[2] Without deciding the issue, the Court notes its concerns regarding the circumstances of Petitioner's arrest. The Form I-200, ECF 1-3, does not identify the probable cause basis, and the arrest report, ECF 1-4 at 6, details limited facts supporting his arrest. However, the lawfulness of the arrest is a fact-intensive inquiry that cannot be readily resolved from the limited record submitted. The Court thus limits its analysis to the narrow legal question of the statutory authority for Petitioner's detention for now.

3) On or before **March 20, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied. At that time, the Court will review the report and determine whether further proceedings in this Court are necessary.

SO ORDERED.

DATED at Denver, Colorado, this 6th day of March, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge